BOARD OF COMMISSIONERS OF ROADS AND REVENUES OF TWIGGS COUNTY *et al. v.* BOND *et al.*

No. 16163. APRIL 15, 1948.

*James D. Shannon* and *R. A. Harrison,* for plaintiffs in error.
*Jones, Jones & Sparks,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The question for determination is whether or not the proper county authorities, having levied a tax of fifteen mills "for the support and maintenance of the public schools," can also levy an additional tax of fifteen mills "to pay for the building and repairing of public school buildings."

Article 7, section 4, paragraph 1, of the Constitution of 1945 (Code, Ann. Supp., § 2-5701) declares that the General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose except those specifically set forth therein.

Article 8, section 12, paragraph 1, of the Constitution (Code, Ann. Supp. § 2-7501) declares: "The fiscal authority of the several counties shall levy a tax for the support and maintenance of education not less than five mills nor greater than fifteen mills (as recommended by the County Board of Education) upon the dollar of all taxable property in the county located outside independent school systems."

There is no direct constitutional power authorizing the legislature to delegate to county authorities the right to levy a tax to repair and construct school buildings, except as such authority may be conferred by the general power (Code, Ann. Supp., § 2-5701) to levy a tax "for educational purposes" or "to build and repair the public buildings." If such power is derived under the authority to levy a tax "for educational purposes," then clearly it is subject to the fifteen-mill limitation provided for in article 8 of the Constitution. On the other hand, the term, "for educational purposes," is broad enough to cover all things necessary or incidental to the furtherance of education, which would include the construction of schoolhouses, the only limitation being the one fixed by the Constitution itself, to wit, that the levy of a direct tax for educational purposes should not exceed fifteen mills. Therefore, the delegation of authority to levy a tax for educational purposes, having fully covered the field of education, it is obvious that the following provision authorizing a levy "to build and repair public buildings," was not intended to include schoolhouses as public buildings. On the contrary, it is manifest that the clause authorizing a levy "to build and repair public buildings" has reference not to schoolhouses, but to courthouses, jails, and other like buildings as are used for the carrying on of general county business.

The present case does not involve the right of county. authorities to levy a tax for the purpose of paying the principal and interest upon any bonded indebtedness incurred under the provisions of article 7, section 7, paragraph 1, of the Constitution (Code, Ann. Supp., § 2-6001), the proceeds of which were used for the purpose of building or repairing school buildings. "The provisions of article VIII, section XII, paragraph 1, of the Constitution of 1945, with respect to levying a tax by the fiscal

authorities of a county as recommended by the county board of education of not less than five mills nor greater than fifteen mills for the support and maintenance of education within the county, are not intended to suffice for all phases of educational expenditures, but are separate from the power to levy a tax for the payment of bonded indebtedness for the erection of school buildings." *Nelms* v. *Stephens County School District*, 201 *Ga.* 274 (4 c) (39 S. E. 2d, 651).

The petition alleging that the county authorities, having levied a tax of fifteen mills "for the support and maintenance of the public schools," could not thereafter levy an additional tax of fifteen mills "to pay for the building and repairing of public school buildings," was sufficient as against general demurrer to set forth a cause of action.

*Judgment affirmed. All the Justices concur.*