25449.   MAYOR & COUNCIL OF THE CITY OF
WOODBURY v. STATE HIGHWAY DEPARTMENT.

Argued October 14, 1969—Decided November 12, 1969.

*George C. Kennedy,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, John A. Sligh, Jr., Joel C. Williams, Jr., Assistant Attorneys General, William B. Brown,* for appellee.

Grice, Justice.   The issue here is whether the State Highway Department of Georgia, rather than a municipality, has the power to place and operate traffic control devices on State highways within the limits of the municipality.

This issue arose when the State Highway Department filed

in the Superior Court of Meriwether County an action against the Mayor & Council of the City of Woodbury. The complaint, insofar as necessary to recite, made the allegations hereinafter set out.

The State Highway Department owns in fee simple described property located in Meriwether County, designated as State Route 85. The City maintains and operates traffic control devices upon such property at a specified intersection. The City has been repeatedly notified to cease this encroachment but has failed and refused to do so. It is a continuing trespass which is irreparable in damages and can only be corrected by an injunction. Under the laws of this State the Highway Department has the power to place or maintain traffic control devices upon State highways under the jurisdiction of the Highway Board, and no other authority may do so except by permission of the Board. State Route 85 is a State highway under the jurisdiction of the Highway Board. The City does not have permission of the Highway Board to maintain such encroachment.

The City contends that, pursuant to the laws of this State, it may regulate traffic within the city.

These conflicting claims create uncertainty for the Highway Department as to its rights to have the right of way of this State Highway free of unauthorized traffic control devices, and any action by it would be "a step in the dark."

An actual controversy exists between the parties and a declaratory judgment is necessary to guide them so that they may act in accordance with the law.

The complaint, in addition to process, rule nisi and general relief, prayed in substance that the City be enjoined from continuance of the trespass upon such property; that it be enjoined from interfering with the Highway Department in removing the encroachment; and that the court declare that the Highway Department is entitled to regulate the placement and operation of traffic control devices on all State highways within a municipality and that a municipality does not have the authority to install such devices without prior permission of the Highway Board.

The City's answer admitted that it erected and maintains the traffic control devices in question, that it did not obtain permission of the State Highway Board to do so, and that the Highway Department had notified it that the devices were an encroachment and had demanded that such encroachment cease. It denied that the Highway Department held fee simple title to the highway property, that the devices constitute an encroachment or trespass, and that the Highway Department has sole authority to place such devices on State highways within the City's limits. Further, the City alleged that it is authorized to regulate traffic within its limits, that the devices in question are installed and maintained in conformance with the State manual and specifications, and that the devices have local approval since numerous wrecks had occurred at this location prior to installation of the devices.

Paragraph 13 of the City's answer alleged in counterclaim that the Highway Department's action was "arbitrary, high handed, without authority of law, exceedingly litigious and in bad faith" and has caused unnecessary expense, trouble, and legal fees, for which the City should have judgment in a stated amount.

The answer prayed that the complaint be dismissed or, in the alternative, for judgment establishing the clear right of municipalities as provided by law and enjoining the Highway Department from interfering with the City's rights, and also for judgment for the damages as set forth in the counterclaim.

The City amended its answer by alleging in essence that the necessity for the traffic control devices is clear; that, if the Highway Department has the power to determine placement of such devices on State-aid roads within a municipality, its action in withholding such permission is arbitrary, and an unauthorized abuse of discretion; that in the event the court determines that the Highway Department has such power, it should, in the exercise of its equity powers, direct the Highway Department to grant such permission to the City.

Upon the hearing, the Highway Department moved to dismiss the City's counterclaim upon the ground that it failed to state a claim upon which relief could be granted. The court sustained the motion.

The evidence was not in conflict as to essential matters. It showed that the Highway Department held fee simple title to the land in question, which is the intersection of State Highways 85 and 18 and is within the limits of the City; that the traffic control devices in question had been installed by the City without prior permission of the Highway Department; that the City had failed to remove the devices upon the Highway Department's written and oral requests; and that on the basis of an engineering survey, the Highway Department had recommended to the City for this intersection a stop sign and replacement of the old flashing signal by a larger flashing signal. There was also evidence that the devices at issue were installed pursuant to resolution of the City's mayor and council at a stated cost; that in the mayor's opinion they meet all requirements of the Georgia manual and specifications; that the City officials and others deemed the intersection safer now than before installation of the devices. Also, documents were introduced showing that the City had previously agreed with the Highway Department that it would not erect any traffic control devices on this right of way without the Highway Board's written consent, pursuant to customary Department requirments when building State-aid roads through municipalities.

The trial court entered judgment enjoining the City from continuing the trespass on the highway right of way and from interfering with the Highway Department in removing the traffic control devices. It also held that the Highway Department has the power to regulate, place and operate traffic control devices on all State highways within the limits of a municipality, and that the municipality does not have the authority to erect them on State highways within the limits of the municipality without prior permission from the State Highway Board.

The appeal is from this judgment.

■ The answer to the controlling issue—whether the State Highway Department, or a municipality, has the power as to traffic control devices located on State highways within the municipality—is found in the "Uniform Act Regulating Traffic on Highways." Ga. L. 1953, Nov. Sess., p. 556, as amended (*Code Ann. Chs.* 68-15, 68-16, 68-17).

The legislative intent and purpose of this statute is that the regulation and control of vehicular traffic throughout the State on all State roads be as uniform as possible. This is evidenced by the title of the Act, and also by its various provisions.

It is obvious that the General Assembly intended a demarcation insofar as State highways on the one hand, and municipal or county highways, roads and streets on the other hand, are concerned. It is apparent that in enacting this legislation the General Assembly intended that the State Highway Department have jurisdiction over highways which are a part of the State-aid system, whether or not such highways are inside municipalities or counties. It is equally apparent that the General Assembly intended that municipalities and counties have jurisdiction over their purely local streets, roads and highways. This construction harmonizes all provisions of the Uniform Act.

With the foregoing considerations in mind, let us examine the relevant provisions of the Act insofar as the issue here is concerned.

As to uniformity, it provides that "The provisions of this Act shall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any ordinance, rule or regulation in conflict with the provisions of this Act unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are *not in conflict* with the provisions of this Act." Ga. L. 1953, Nov. Sess., pp. 556, 567 (*Code Ann.* § 68-1606). (Emphasis supplied.)

As to powers of local authorities, it recites in material part that "(a) The provisions of this Act shall not be deemed to prevent local authorities with respect to streets and highways *under their jurisdiction,* and within the reasonable exercise of the police power from . . . 2. Regulating traffic by means of police officers or traffic control signals . . ." Ga. L. 1953, Nov. Sess., pp. 556, 567 (*Code Ann.* § 68-1607 (a) (2)). (Emphasis supplied.)

And, as to the precise issue before us, it provides: "(a) *The State Highway Board shall place and maintain such traffic*

*control devices,* conforming to its manual and specifications, *upon all State highways including those within all municipalities and counties,* as it shall deem necessary . . . and shall remove or direct removal of all traffic-control devices which it shall deem unnecessary . . . (b) *No other authority shall place or maintain any traffic-control devices upon any State highway* under the jurisdiction of the State Highway Board *except by the latter's permission."* Ga. L. 1953, Nov. Sess., pp. 556, 569 (*Code Ann.* § 68-1610) (a) (b). (Emphasis supplied.

In our view, the foregoing provisions of the Uniform Act, and particularly the one last quoted, are dispositive of the issue here.

However, reference will be made to other statutory provisions that have been insisted upon for a different conclusion, but which in our view do not warrant it.

*Code Ann.* § 68-1611 (Ga. L. 1953, Nov. Sess., pp. 556, 569) merely requires that local authorities place and maintain such traffic control devices upon "streets and roads *under their jurisdiction"* as they deem necessary to carry out the provisions of this Act and that such devices conform to certain specifications. (Emphasis supplied.) No authority as to State highways is given.

*Code Ann.* § 68-1728 (Ga. L. 1953, Nov. Sess., pp. 556, 616) declares that "nothing in this law shall prevent cities and towns from regulating, by proper ordinances, traffic" within their limits. This section must be construed along with other pertinent provisions of the Uniform Act, particularly *Code Ann.* § 68-1610, supra, which empowers only the Highway Board to place or maintain traffic control devices on State highways, including those within municipalities. This section obviously refers to local streets and roads, and not to State highways. This construction is consistent with the manifest intent of the General Assembly to obtain State-wide uniformity, as stated supra herein. A contrary construction would nullify the very purpose of the Act.

*Code Ann.* § 68-1628 (Ga. L. 1953, Nov.Sess., pp. 556, 579) provides that municipal authorities within their respective jurisdictions may determine on the basis of an engineering and

traffic investigation that lawful speed limits upon any street or highway are unreasonable or unsafe, and may change them. By a 1963 amendment (Ga. L. 1963, p. 461; *Code Ann.* § 68-1628 (d)), this section provides that the term "speed limits" in this section shall be construed to include any "device" used to regulate the speed of motor vehicles on the public highways. This amendatory provision cannot be construed to confer upon local authorities the power to install and maintain traffic control devices on *State* highways, for the same reason stated above as to *Code Ann.* § 68-1728. Furthermore, there was no evidence here of such an investigation having been made by the City.

The provision of Georgia Laws 1962, pages 140, 143 (*Code Ann.* § 69-313) which authorizes any municipality to regulate and .control the use of its "streets and public ways," does not give the power to regulate and control the use of State highways.

For the foregoing reasons, we conclude that the State Highway Department of Georgia, instead of the municipalities of the State, has the power to place and operate traffic control devices on State highways within the limits of the municipalities. In view of this holding, it is not necessary to deal with the document whereby the City agreed not to install traffic control devices on this right of way without written consent of the State Highway Board.

■ The above holding controls adversely to the appellant City as to other enumerations of error, which in substance are: (a) that the court erred in overruling the City's defense that the Highway Department's complaint failed to state a claim; (b) that it erred in enjoining the City from continuing the trespass; (c) that it erred in striking the City's counterclaim; and (d) that it erred in refusing to enjoin the Highway Department from interfering with the City's authority to regulate traffic within its limits.

■ There is no merit in the enumeration that the court erred in not requiring, as an alternative, that the Highway Department be required to give the City permission to erect and maintain the traffic control devices involved here. The evidence showed that the City had not requested this permission.

*Judgment affirmed. All the Justices concur.*