## 58079. FLETCHER et al. v. RUSSELL et al.

QUILLIAN, Presiding Judge.
The DeKalb County Board of Commissioners brought this action for declaratory judgment against the Chairman and members of the DeKalb County School District seeking guidance in the expenditure of funds for the purpose of garbage pickup and disposal from the school cafeterias, and payment of school crossing guards.
The trial court found that educational funds could be legally expended for such purposes and entered judgment for the plaintiffs. The School District brings this appeal. *Held:*

1. Defendants contend the plaintiff was not entitled to bring an action for declaratory judgment because "the rights of the parties have accrued as to the relief sought . . ." We do not agree. Our Code permits such judgment "[i]n cases of actual controversy" and "in any civil case in which it appears to the court that the ends of justice require that such declaration should be made . . ." Code Ann. § 110-1101 (Ga. L. 1945, p. 137; 1959, pp. 236, 237). However, defendant cites decisions where this court has held that "[a] petition [for declaratory judgment] will not lie where all rights of the parties have already accrued . . ." *U. S. Fidelity &c. Co. v. Bishop,* 121 Ga. App. 75, 77 (172 SE2d 855). This holding does not exclude " 'an adjudication of the plaintiffs' rights [when it] is necessary in order to relieve the plaintiffs from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interests . . .' " *Bailey v. Dobbs,* 227 Ga. 838 (3) (183 SE2d 461). The rights of the parties have accrued as to past action, but for future years direction is necessary. This enumeration is without merit. See *McCallum v. Quarles,* 214 Ga. 192 (1) (104 SE2d 105); *Williams v. Shaffer,* 222 Ga. 334, 336 (149 SE2d 668).

2. Power is conferred on the counties of this state "to levy and collect taxes for educational purposes . . ." Code Ann. § 32-1127 (Code § 32-1127; Ga. L. 1922, pp. 81, 82). "[T]he words 'educational purposes' are to be given the broadest significance" ( *Wright v. Absalom,* 224 Ga. 6, 9 (159 SE2d 413)) and include " 'any activity that is necessary in the proper maintenance and operation of a school . . .' " *Board of Education &c. v. Hunter,* 190 Ga. 767 (2) (10 SE2d 749); *Board of Comm. &c. v. Bond,* 203 Ga. 558, 560 (47 SE2d 511).

Our Constitution provides: "School tax funds shall be expended only for the support and maintenance of public schools, public education, and activities necessary or incidental thereto, *including school lunch purposes.*" (Emphasis supplied.); Art. VIII, Sec. VII, Par. I (Code Ann. § 2-5501). Garbage disposal resulting from the school lunch program is incidental to that program which is assigned to the School District by our Constitution and "[t]he county boards of education shall have the power

to . . . make all arrangements necessary to the efficient operation of the schools." Code Ann. § 32-909 (Code § 32-909 as amended through Ga. L. 1962, pp. 654, 655). Accordingly, the School Districts have the authority and obligation to contract and pay for the service provided by the county in disposing of garbage resulting from the operation of the school lunch program.

3. Supervision and control of pedestrian and motor vehicular traffic "on and around school grounds" is a duty of the "local law enforcement agency . . ." Code Ann. § 32-853 (Ga. L. 1975, p. 820). The municipality, city or county, has the authority and obligation to control traffic on local streets, except those within the state highway system. *Hadwin v. Mayor &c. of Savannah,* 221 Ga. 148 (1) (143 SE2d 734); *Mayor &c. of Woodbury v. State Highway Dept.,* 225 Ga. 723 (1) (171 SE2d 272); Code Ann. § 68-1607 (Ga. L. 1953, Nov. Sess. pp. 556, 567); Code Ann. § 68A-1502 (Ga. L. 1974, pp. 633, 687). Thus, control of pedestrians and motor vehicles on municipal streets, including those "on and around school grounds" (Code Ann. § 32-853), is a governmental function within the police power of the municipality and is the responsibility of the county in the instant case. See generally 7 AmJur2d 603, Automobiles & Highway Traffic, § 10; 62 CJS 273, Municipal Corporations, § 127; Id. 1108, § 575 a. The expenditure of school tax funds for the payment of school crossing guards would not be authorized.

4. The remaining enumerations of error have been examined and found to be without merit.

*Judgment affirmed in part and reversed in part. Smith and Birdsong, JJ., concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 6, 1979 —

*Gary M. Sams, Frank J. Rhodes, Jr.,* for appellants. *George P. Dillard,* for appellees.