## 35293. CONCERNED SCHOOL PATRONS & TAXPAYERS et al. v. WARE COUNTY BOARD OF EDUCATION et al.

BOWLES, Justice.

This controversy arose when the Board of Education of Ware County adopted a resolution authorizing a contract to construct a field house/physical education/athletic facility for a school. Plaintiffs, as taxpayers and patrons of the school system, brought a suit in the superior court of that county seeking to enjoin the action of the board. Following motions made in behalf of the board, plaintiffs amended their complaint. Both parties stipulated as true the facts alleged in the amended complaint. Defendants filed a motion to dismiss plaintiffs' complaint because it failed to set forth a cause of action against defendants upon which relief could be granted. This motion came on for hearing at which time the court considered the allegations of plaintiffs' complaint to be evidence. It also considered certain stipulations submitted by counsel for the parties as evidence.

The trial court determined as a matter of fact that the defendants had not performed their duties in public office in an illegal manner, defendants had not abused the discretion granted to them by the laws of the State of Georgia, and defendants did act within the laws of this state governing and directing members of boards of education. A permanent injunction was denied. Plaintiffs appeal to this court. We affirm.

(1) "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Section 81A-156." Code Ann. § 81A-112 (c). We conclude from the action taken that the trial judge rendered summary judgment in the case in behalf of the defendants.

(2) The trial court having rendered summary judgment in favor of defendants, finally terminating the case, the dismissal of its temporary restraining order followed as a matter of law.

(3) Plaintiffs' complaint attached certain exhibits

which were incorporated by reference. One of these included minutes of a meeting held July 13, 1978, with the following action reported. "Upon motion of Mr. Music, seconded by Mrs. Chancey, the Board unanimously approved a tentative budget of $5,131,017 for the 1978-1979 school year as attached."

Although the budget itself was not included in the record to this court, counsel for the parties in their presentation to the court quoted from the same without objection, and having done so we will conclude that the trial court had the benefit of that document in arriving at its decision.

(4) Art. VIII, Sec. I, Par. I of the State Constitution (Code Ann. § 2-4901) provides for a system of common schools in the state. Art. VIII, Sec. VII, Par. I (Code Ann. § 2-5501) providing for local taxation for education reads in part as follows: "The fiscal authority for each county shall annually levy a school tax for the support and maintenance of education, not greater than twenty mills per dollar as certified to it by the county board of education, upon the assessed value of all taxable property within the county located outside any independent school system or area school district therein . . . School tax funds shall be expended only for the support and maintenance of public schools, public education, and activities necessary or incidental thereto, including school lunch purposes . . ." The legislature in keeping with constitutional provisions adopted an Act known as "Adequate Program for Education in Georgia Act" Code Ann. § 32-601a et seq. The Act specifically recognizes the development of good physical and mental health as a part of the educational process. Code Ann. § 32-602a. Additionally, Code Ann. § 32-1901 provides for a course in health and physical education. Compare *Smith v. Crim,* 240 Ga. 390 (240 SE2d 884) (1977). Code Ann. § 32-909 provides: "The county boards of education shall have the power to purchase, lease or rent school sites, build, repair or rent schoolhouses, purchase maps, globes, and school furniture and make all arrangements necessary to the efficient operation of the school . . . In respect to the building of schoolhouses, the said board of education may provide for the same by a tax on all property located in the

county and outside the territorial limits of any independent school system." Plaintiffs have made no constitutional attack on any pertinent statute.

We conclude that boards of education do have lawful authority to provide for and construct physical education facilities which may incidentally include a field house or related athletic facility.

(5) Although no funds of a county board of education can be disbursed except in accordance with a budget filed with the State Board of Education, *Lewis v. Bd. of Ed. of Lowndes County,* 183 Ga. 687 (189 SE 233) (1936), this does not mean that every expenditure must be a line item in the budget submitted. With respect to the year in question, the Ware County Board of Education had a beginning balance of unobligated or uncommitted funds in excess of the amount of the proposed expenditure for the athletic facility. Unobligated funds included in the budget may be used by a board of education for any purpose provided by statute, within the constitutional parameters of our state educational system. The unobligated funds on hand may have been accumulated as a result of thrift practiced by the board with respect to any prior year's budget. There is no contention on the part of the plaintiffs that any millage has been determined or levied by county authorities with respect to any year in excess of the 20 mills limitation included in the Georgia Constitution (Code Ann. § 2-5501). *Bd. of Commissioners &c. of Twiggs County v. Bond,* 203 Ga. 558 (47 SE2d 511) (1948), is clearly distinguishable because of this fact.

(6) Plaintiffs' petition was filed after the millage for the year had been determined and assessed. (And we suspect by December largely paid.) The issue involved is one of authority by the board of education to spend tax money already collected, not the power to levy a tax for a designated purpose.

The obligation incurred by the board of education regarding the expenditure of accumulated funds on hand at the time of the execution of the contract, which were sufficient for the purpose, was not an attempt to bind a succeeding board of education to a future obligation. A board of education may incur a lawful obligation to pay for the purchase or construction of a facility where sufficient

funds are on hand for that purpose, even though the construction contract may not be fully completed before the end of the term of some or all of the members of that body.

The trial court did not err in finding in favor of the defendants.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 24, 1979 — DECIDED FEBRUARY 6, 1980.

*Rudolph J. Chambless,* for appellants.
*C. Edwin Rozier,* for appellees.