HUMBER *et al. v.* DIXON *et al.,* commissioners.

1. A proceeding before the prison commission of Georgia for the removal of the warden in charge of the convicts in a given county, instituted by a majority of the commissioners of roads and revenues of such county, is not "litigation" within the meaning of that term as employed in art. 7, sec. 6, par. 2, of the constitution of this State (Civil Code, § 6562). Nor is it road building, or the exercise of a power incident thereto, within the meaning of the constitution and the laws passed in pursuance thereof, conferring upon counties the right to levy taxes for the purpose of "putting and keeping the roads in thorough condition and repair."

2. While a large discretion in the expenditure of public money is necessarily vested in the officers of the county who have charge of its affairs, such discretion does not extend to the appropriation of public moneys beyond the specified purposes enumerated in the constitution. It follows that the commissioners of roads and revenues of a county have no authority to employ an attorney to represent them in a proceeding before the prison commission for the discharge of the warden in charge of the convicts in that county, and to pay such attorney his fee and expenses incurred in that service.

No. 264. DECEMBER 15, 1917.

Petition for injunction. Before Judge Littlejohn. Stewart su̶᷂or court. March 2, 1917.

*N. B. Butt* and *G. Y. Harrell,* for plaintiffs.

*Hatcher & Hatcher,* for defendants.

GEORGE, J. The commissioners of roads and revenues of Stewart County, on complaint of certain citizens of the county, filed a petition with the prison commission of Georgia for the discharge of the warden in charge of the convicts in that county. They employed attorneys at law to represent them before the prison commission, the attorney regularly retained by the commissioners of roads and revenues having refused to do so; and this action, by certain other citizens and taxpayers of Stewart county, is to enjoin the payment of the fee and expenses of the attorneys incurred in that service. The judge of the superior court denied the interlocutory injunction.

The facts are not in dispute. The commissioners of roads and revenues of Stewart county employ the convicts, State and county, in the working of the public roads of the county. The prison commission of Georgia has the exclusive power, under the law, to appoint and remove the warden. The petition before the learned judge below authorized him to find that the grounds of complaint made against the warden were substantial and not merely frivolous, and that the petition for his removal was made in good faith. Whether the evidence submitted to the prison commission sustained the charges against the warden does not appear. The expenses incurred by counsel and the fee charged for the services rendered by them are not alleged to be unreasonable or excessive. The citizens and taxpayers are proper parties to the cause, and the whole question is: Have the commissioners of roads and revenues the authority to bind the county by the contract with the attorneys and to pay them the fee and expenses?

"The General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes . . ; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers and pay debts heretofore existing; to pay the county police, and to provide for necessary sanitation." Constitution of Georgia, art. 7, sec. 6, par. 2 (Civil Code, § 6562).

31

It is the contention of the citizens that the proceeding before the prison commission of Georgia to remove the warden in charge of the convicts engaged in the working of the public roads in Stewart county was not "litigation," within the meaning of the word as used in the paragraph of the constitution just quoted. In this contention we agree. "The word 'litigation,' as there employed, can only mean such litigation as the county, in its corporate capacity as a public corporation, is interested." *Koger* v. *Hunter*, 102 *Ga.* 76 (29 S. E. 141). The petition to remove the warden was filed in the name of a majority of the commissioners of roads and revenues, and not in the name of Stewart county. Suits by or against a county must be in the name of the county. Political Code (1895), § 342. An action or proceeding by named persons as commissioners of roads and revenues is not an action by the county. *Bennett* v. *Walker,* 64 *Ga.* 326; *Arnett* v. *Board of Commissioners,* 75 *Ga.* 782; *Jackson* v. *Dougherty County,* 99 *Ga.* 185 (25 S. E. 625). But this is a technical objection to the proceeding before the prison commission to remove the warden; and we are not satisfied to rest our judgment upon such ground alone. Section 1192 of the Penal Code of 1910 gives to the prison commission the authority to appoint such wardens as may be necessary, and § 1198 provides that "the commission shall have lawful authority to summarily discharge, for cause, any employee having either care or charge of said convicts, or said convict camps." The power, and therefore the duty, is vested exclusively in the prison commission to discharge or remove a county warden. The county, in its corporate capacity, has no authority to employ an attorney, at the expense of the taxpayers, to influence the action of the prison commission in this regard. The constitution and the laws in pursuance thereof do not contemplate the necessity for such action. Certain of the powers of the prison commission of Georgia are executive, certain are administrative or ministerial; and the authority to discharge employees for cause, if judicial in character, is so only in a very limited sense. The prison commission, in the exercise of the authority "to summarily discharge for cause" a warden in charge of the convicts, is bound to act with good judgment, that is, judiciously; but while the exercise of sound judgment is acting judiciously, it is not necessarily acting judicially. Merely that a matter is determined in the manner

usually employed in a judicial proceeding does not, of itself, render such proceeding litigation, and certainly not within the meaning of the quoted provision of the constitution of this State.

Nor can it be said that the proceeding before the prison commission for the removal of the warden was road building, or the exercise of a power incident to road building, in any proper sense of that term. Many things mediately and remotely connected with road building, and more or less conducive to the proper building of public roads, are nevertheless not such "building or repairing of the public roads" as to authorize a county to expend the public funds therefor.

Within the enumerated purposes of the constitutional provision quoted above, a large discretion in the expenditure of public money is necessarily vested in the officers of the county who have charge of its affairs; but the public-road funds of the county can only be disbursed by such authorities for the specific purposes for which the taxes were levied. We are forced to conclude that the proceeding before the prison commission, instituted by a majority of the county commissioners, was not "litigation" in which the county, in its corporate capacity, was interested; nor was it road building, or the exercise of a power incident thereto, within the meaning of the constitution and the laws passed in pursuance thereof, conferring upon counties the right to levy taxes for the purpose of building or repairing public roads. Compare *DeVaughn* v. *Booten,* 146 *Ga.* 836 (92 S. E. 629).

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents from the ruling in the first headnote.*