### HAMRICK *v.* BROOM, commissioner, *et al.*

ATKINSON, J. A school district composed of adjacent territory in the counties of Carroll and Douglas was established by the "concurrent assent and action" of the boards of education of such counties, in strict compliance with the provisions of a general statute of this State (Civil Code, § 1531); and an election was duly and regularly called by the proper authority to determine whether a local tax should be levied in the district for the erection and maintenance of a school building in

the district, and for the support and operation of a school therein, and for the issuance of bonds to meet such expenses. At the election the requisite number of qualified voters of the district voted in favor of the tax and the issuance of the bonds. The bonds, upon the application of the solicitor-general and upon compliance with all the provisions of the statute for the validation of such bonds, including the due publication of notice of the time and place of hearing for validation, were regularly validated by a judgment of the judge of the superior court of the circuit wherein the school district was situated. The duly elected trustees of the district, in accordance with law, issued and sold the bonds and purchased a site for the school building, and were proceeding to have it constructed. A tax was duly levied upon the property in the district, to pay the interest on the bonds and to provide a sinking-fund to meet the bonds as they matured. *Held:*

1. That a citizen and taxpayer of the district who voted for the tax and bonds at the election, and who had notice of the proceedings to validate the bonds and made no objection to the validation, had no equitable right, after the bonds had been issued and sold, to enjoin the collection of the tax to pay the interest on the bonds and to provide a sinking-fund to pay the principal of the bonds at their maturity, on the grounds that the above-mentioned statute authorizing the creation of a school district composed of territory in two different counties contravenes the provision of the constitution, article 8, section 4, paragraph 1 (Civil Code, § 6579, which provides: ' Authority may be granted to counties, militia districts, school districts, and to municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation; but no such laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each county, militia district, school district, or municipal corporation and approved by two-thirds majority of persons voting at such election, and the General Assembly may prescribe who shall vote on such questions," and that such statute is a special law relating to a matter covered by an existing general law. *Irvin* v. *Gregory*, 86 *Ga.* 605 (13 S. E. 120) ; *Sellers* v. *Cox*, 127 *Ga.* 246 (56 S. E. 284). See, in this connection, *Jones* v. *Coleman*, 152 *Ga.* 795 (111 S. E. 377), and cases cited.

2. At an interlocutory hearing of a suit instituted by a resident and taxpayer of a school district against the local officers, to enjoin the levy and collection of the tax for the purpose of making provision for payment of interest and a sinking-fund as provided in the bonds, the case was submitted to the trial judge upon the petition, demurrer, and answer, which by consent were treated as evidence. The facts in the case thus presented were, without conflict, substantially as indicated in the preceding note; and the judge did not err in refusing the injunction.                    *Judgment affirmed. All the Justices concur.*

No. 3257. JULY 12, 1922.

Petition for injunction. Before Judge Roop. Carroll superior court. May 16, 1922.

*J. M. Moore,* for plaintiff, *Boykin & Boykin,* for defendants.