BRAKEFIELD *et al.* v. JARRELL, sheriff, *et al.*

No. 6787. MAY 16, 1929.

*W. L. Stallings* and *A. Sidney Camp,* for plaintiffs.
*N. F. Culpepper* and *J. F. Hatchett,* for defendants.

BECK, P. J. 1. In the year 1913, by concurrent consent and action, under the provision of section 1531 of the Code of 1910, which provision was afterwards incorporated in section 118 of the Code of School Laws (Acts 1919, p. 288), the boards of education of Coweta and Meriwether Counties laid off a school district, known as Haralson school district, across the county line between these two counties. In the year 1926 the board of education of Meriwether County laid off and defined a school district in Meriwether County known as the Alvaton-Carmel school district, in which was included the lots of land in Meriwether County which were embraced in the Haralson district. And in the year 1926 a bond election was held in the Alvaton-Carmel school district, and resulted in the issuance of bonds, which were subsequently duly validated, and from the proceeds of which a school building, at a cost of $18,500, was built. The plaintiffs in this case, owners of land in the Haralson school district, now embraced in the Alvaton-Carmel district, failed to pay taxes duly levied to pay the interest on the bonds and to provide a sinking-fund, and executions were issued to enforce the collection of this tax. Thereupon the plaintiffs, Mrs. Ida Brakefield and others, brought an equitable petition against the sheriff, the tax-collector, the board of education, and the board of commissioners of roads and revenues of Meriwether County, to enjoin the enforcement of the fi. fas. The defendants demurred to the petition, and filed their answer. Upon the hearing the judge refused an interlocutory injunction, and the plaintiffs excepted.

The judge did not err in so refusing. Bonds for the building and construction of a schoolhouse, which was paid for from the proceeds of the sale of the bonds, had been issued and validated and sold. At the time of the validation of the bonds the plaintiffs failed to intervene and object to the validation of the bonds upon any ground, and they can not now attack or impeach the validity of the bonds. And if they can not directly attack and impeach the validity of the bonds, they can not do so by indirection; and to hold that they can not be compelled to pay taxes to pay the interest of the bonds and to raise a sinking-fund for the purpose of finally paying the principal of the bonds would in effect, in view of the pleadings and evidence in this case, be allowing them to destroy the validity of the bonds. For, if the territory included in

the Alvaton-Carmel School District was practically all of the property included in the Haralson district, to hold that the tax-payers of the Haralson district were not liable for taxes to pay the interest and principal of the bonds would in effect be holding that the bonds were not collectible; and this can not be held, under the law and in the face of decisions holding bonds incontestable after they have been validated. "The judgment of the superior court validating bonds is conclusive as to the school district, the citizens thereof, and all other persons, that the school district has the legal right to incur the debt of the amount and for the purpose indicated in the notice of the bond election, and that the assent of the qualified voters of the district has been obtained for the issuance of the bonds in question, in the manner required by law; and upon all other questions which the constitution and laws require to be determined before authority is conferred upon the district to incur a debt." *Jones* v. *Coleman,* 152 *Ga.* 795 (111 S. E. 377). See also *Dumas* v. *Rigdon,* 151 *Ga.* 267 (106 S. E. 261); *Whiddon* v. *Fletcher,* 150 *Ga.* 39 (102 S. E. 350); *Hamrick* v. *Broom,* 153 *Ga.* 791 (113 S. E. 81).

2. In view of the preceding ruling it is unnecessary to rule upon the question as to whether or not the judge, hearing the case at chambers, was authorized to hold that the Haralson district had been virtually abandoned as a school district, or whether it could be abandoned.

*Judgment affirmed. All the Justices concur.*