24378. WRIGHT, Member of State Board of Education, et al.
v. ABSALOM et al.

ARGUED NOVEMBER 13, 1967—DECIDED JANUARY 2, 1968—
REHEARING DENIED JANUARY 18, 1968.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Alfred
L. Evans, Jr., Assistant Attorneys General,* for appellants.

*Bloch, Hall, Groover & Hawkins, Denmark Groover, Charles
J. Bloch, Ellsworth Hall, Jr.,* for appellees.

ALMAND, Presiding Justice. Mrs. Lilyan Absalom and two
other individuals, as school lunchroom managers in the common
schools of the State of Georgia, and the Georgia School Food
Service Association, Inc., in a two-count petition brought an
action against the State Board of Education, State School Super-
intendent and State Auditor, seeking to obtain a declaration
that the funds appropriated for school lunch purposes, including
salary supplements, by the General Assembly of Georgia could
constitutionally be expended for said purpose, and to obtain an
award of damages as well as equitable relief for themselves and
others similiarly situated.

In their petition the plaintiffs alleged: That the State Board
of Education and the State Department of Education have pre-
scribed standards for each school which operates under the
School Food Service Program, and it is necessary that each
such school have a trained lunchroom manager; that "the Gen-
eral Appropriations Act for the biennium 1965-1967 appropriated
to the State Board of Education—Department of Education
sums of money, to wit, $400,000, for the purpose of providing
a salary supplement for school lunchroom managers"; that the
State Board of Education pursuant to authority granted to it
authorized the expenditure of the appropriated funds on the basis

of supplementing the salary of each school lunchroom manager in accordance with the number of prescribed training courses such manager had satisfactorily completed; that the plaintiffs have taken these courses in varying numbers and are entitled to the payment of said supplement; that in December of 1966 the State School Superintendent refused to authorize the distribution or allocation of any funds for the purpose of supplementing the salaries of school lunchroom managers; that "the operation of a school lunchroom program is an educational purpose within the meaning of Article VII, Section II, Paragraph I (2) of the Constitution of the State of Georgia (*Code Ann.* § 2-5501 (2)) and a purpose for which tax funds may be appropriated and spent by the State."

The prayers of the plaintiffs' petition were that the State Board of Education and State School Superintendent be enjoined from refusing to allocate funds available for salary supplements to the purpose for which they were appropriated and from failing to take action to prevent the lapse of these funds prior to the end of the fiscal year, that the State Auditor be enjoined from ordering said funds lapsed, that the plaintiffs and others similarly situated have a declaration of their rights as to the funds duly appropriated by the General Assembly for school lunch purposes and as to additional salary supplements which they may earn and that the plaintiffs have a judgment for the sum of the accrued salary supplements to which they are entitled.

The defendants admitted substantially all of the factual allegations of the petition and generally denied only those allegations asserting or incidental to the plaintiffs' contention that the expenditure of State tax funds in support of the school lunch program is an expenditure of said tax funds "for educational purposes" within the meaning of Art. VII, Sec. II, Par. I of the Georgia Constitution (*Code Ann.* § 2-5501). Further, defendants set forth in their answer a counterclaim seeking a declaration of whether or not the expenditure of State tax funds appropriated by the General Assembly in the General Appropriations Act for the biennium 1967-1969 (Ga. L. 1967, pp. 41-83) for the operation of a school lunch program and to supplement the sala-

ries of school lunchroom managers would be an expenditure "for educational purposes."

The case came on for trial before the Superior Court of Colquitt County without the intervention of a jury, and after hearing and considering the evidence and the argument of counsel, the court ordered: "That the expenditure of funds derived from taxation over the whole State for the school lunch program is an expenditure for educational purposes within the meaning of Article VII, Section II, Paragraph I of the Constitution of the State of Georgia of 1945 (*Code Ann.* § 2-5501); that the General Assembly of Georgia may legally appropriate tax funds to the Department of Education for school lunch purposes; and, that the Department of Education may legally expend the same pursuant to said appropriation for school lunch purposes." Further, the order granted the injunctive relief prayed for as well as the award of damages.

The appeal is from this order and presents a single issue for consideration. The sole question for our determination is whether or not the expenditure of funds derived from taxation over the whole State for the support of the school lunch program is an expenditure "for educational purposes" within the meaning of Art. VII, Sec. II, Par. I of the Georgia Constitution (*Code Ann.* § 2-5501).

Where a constitutional provision expressly provides that funds derived from taxes levied and collected may be used only for particular purposes, such funds cannot be utilized for or diverted to any other purpose. 85 CJS 646, Taxation, § 1057 (b). The authority to expend tax funds is generally broad, but it does not extend to the appropriation of public moneys beyond those purposes which are expressly enumerated by the Constitution. *Brown v. Martin,* 162 Ga. 172, 174 (132 SE 896); *Humber v. Dixon,* 147 Ga. 480 (2) (94 SE 565). The object of an expenditure may be a very worthy cause and highly beneficial to the general public, but this will not suffice where the constitutional authorization for such expenditure is lacking. *Atlanta Chamber of Commerce v. McRae,* 174 Ga. 590, 595 (163 SE 701).

Art. VII, Sec. II, Par. I of the Georgia Constitution of 1945 (*Code Ann.* § 2-5501 (2)) provides: "The powers of taxation

over the whole State shall be exercised by the General Assembly for the following purposes *only*: . . . 2. *For educational purposes.*" (Emphasis supplied.)

This court has specifically stated that the words "educational purposes" are to be given the broadest significance (*Worth v. Board of Education,* 177 Ga. 166, 175 (170 SE 77)), and we are in full accord with such a construction to allow educators the greatest possible leeway in providing an adequate education for the children of our State. However, we are faced here with the determination of whether or not the scope of "for educational purposes" can be expanded to include the feeding of children in the public schools.

In *Murphy v. Constitution Indem. Co.,* 172 Ga. 378, 379, 380 (157 SE 471), this court rejected the contention that a county board could expend moneys to afford the protection of workmen's compensation insurance to school employees. In that case the plaintiff made the following argument: "That since the board of education is given power and authority to 'make all arrangements necessary to the efficient operation of the schools, and further is given authority and power to provide means of transportation for pupils and teachers to and from schools,' this language would include the furnishing of workmen's compensation insurance or liability for personal injuries to a bus driver engaged in transporting pupils to and from a consolidated school." This court in rejecting this contention said: "The power to expend money by the board of education from funds derived from taxation is shown in *Board of Education of Wilkes County v. Butler,* 154 Ga. 569 (115 SE 10), and *Pace v. County Board of Education,* 150 Ga. 777 (105 SE 366), and does not extend to the object above mentioned. It would be an unconstitutional expenditure of money by the Board of Education of Troup County to pay for personal injuries received by a bus driver under the circumstances herein stated, or for compensation insurance under the workmen's compensation act." Certainly the expenditure of school funds to provide workmen's compensation for teachers and employees of a county school system, which could be classified as a part of the salaries or general compensation to said employees, is closer to being an expenditure "for

10

educational purposes" than is the furnishing of food to the pupils in public schools.

In *Floyd County v. Scoggins,* 164 Ga. 485, 488 (139 SE 11, 53 ALR 1286) (one Justice dissenting), this court held that the portion of the Workmen's Compensation Act which required counties of Georgia to insure their employees against or pay them compensation for personal injuries or for their deaths while in the employment of the counties, violated Art. VII, Sec. VI, Par. II of the Georgia Constitution which declares the purposes for which the legislature can authorize the counties to levy taxes. The language and reasoning expressed there is applicable to the instant case where the court said: "We do not think that under the power conferred by this provision the legislature can authorize counties to levy taxes to compensate employees for injuries received by them, or to provide benefits for those dependent upon them in case of their death, although provisions for these purposes might render the employees more efficient, and thus indirectly benefit the employer. If the counties can be required by the State to furnish liability insurance to their employees, upon the theory that it makes them more efficient, under this provision of the Constitution, we do not see why the counties can not be made to do many other things which will equally contribute to the welfare and efficiency of the employees. Nutritious food, proper clothing, suitable dwellings, and proper medical attention, all add to the efficiency of employees; and if the county can levy taxes to provide compensation for injuries sustained by employees, or to compensate their dependents for their death, because the doing of these things makes the employees more efficient, we see no reason why the legislature, under this construction of the Constitution, could not authorize a county to levy taxes for any of the purposes above suggested, and for many other purposes which could be mentioned."

Applying the reasoning of *Floyd County v. Scoggins,* 164 Ga. 485, supra, the mere fact that the school lunch program may render pupils more efficient does not make it "for educational purposes," and further if school funds can be expended for feeding lunches to pupils why also would not the providing of proper clothing, suitable dwellings, proper medical attention or breakfast and

dinner for pupils be "for educational purposes"? The answer is obvious. There would be no limit to the purposes for which State taxes could be expended.

While the feeding of children is a worthy and beneficial undertaking and may well enhance the opportunities for a better learning situation, we are forced to the conclusion that eating is not education. Thus, the expenditure of funds derived from taxation over the whole State in support of the school lunch program is not an expenditure "for educational purposes" within the meaning of Art. VII, Sec. II, Par. I of the Georgia Constitution (*Code Ann.* § 2-5501).

*Judgment reversed. All the Justices concur, except Grice and Undercofler, JJ., who dissent.*

UNDERCOFLER, Justice, dissenting. It has been held that the phrase " 'for educational purposes,' [contained in the Georgia Constitution, *Code Ann.* § 2-5501, Article VII, Section II, Paragraph I] is broad enough to cover all things necessary or incidental to the furtherance of education. . ." *Board of Commissioners of Roads & Revenues of Twiggs County v. Bond,* 203 Ga. 558 (47 SE2d 511). In my opinion this definition would include the school lunch program here in issue because it contributes to the overall effectiveness and efficiency of our educational system.

I am authorized to state that Justice Grice concurs in this dissent.