S07A1309, S07A1566. WOODHAM v. CITY OF ATLANTA et al.
(two cases).
(657 SE2d 528)

THOMPSON, Justice.

The State of Georgia instituted a bond validation proceeding under the Georgia Revenue Bond Law, OCGA § 36-82-60 et seq., to confirm and validate the issuance of City of Atlanta Tax Allocation Bonds to finance a project known as the Atlanta BeltLine Redevelopment Plan. The Atlanta Independent School System ("school system"), the city of Atlanta, and Fulton County (appellees herein) were named as defendants in that action.

Appellant John F. Woodham, a resident of Fulton County and the city of Atlanta, intervened under OCGA § 36-82-77 (a) and filed objections. After a series of hearings, the trial court validated the bonds and overruled Woodham's objections, including a claim that the BeltLine Plan proposal violates Art. VIII, Sec. VI, Par. I of the 1983 Georgia Constitution, known as the Educational Purpose Clause. Woodham appeals in Case No. S07A1309.

On the day prior to the initiation of the bond validation action, Woodham preemptively filed a petition for declaratory judgment challenging the issuance of the bonds. The trial court dismissed the

---

declaratory action based on its determination that the bond validation petition was the exclusive forum for adjudication of Woodham's claims. Woodham appeals that ruling in Case No. S07A1566.

For the reasons that follow, we hold that certain proposed funding for the BeltLine Plan violates the Educational Purpose Clause; therefore, we reverse in Case No. S07A1309. We further conclude that the trial court correctly dismissed the declaratory judgment action; therefore, we affirm in Case No. S07A1566.

## Case No. S07A1309

1. By ordinance, the city of Atlanta adopted the BeltLine Redevelopment Plan ("BeltLine Plan"), a 25-year project which "proposes to combine greenspace, trails, transit, and new development along 22 miles of historic rail segments that encircle the urban core" of Atlanta. Redevelopment Plan, § 1. The ordinance further created the BeltLine Redevelopment Area and Tax Allocation District Number Six — BeltLine ("TAD"), authorizing the pledge of ad valorem tax allocation derived from that TAD for the payment of or as security for the payment of the tax allocation bonds. The school system, by resolution, agreed to participate in the BeltLine Plan by consenting to pledge a portion of tax increments derived from the educational ad valorem property taxes levied and collected within the BeltLine TAD, subject to certain conditions.

Woodham asserts that the proposed use of school taxes to fund the BeltLine Plan violates Art. VIII, Sec. VI, Par. I (a) and (b) of the 1983 Georgia Constitution because it contemplates the expenditure of school taxes for non-educational purposes. Art. VIII, Sec. VI, Par. I (a) requires the board of education of each school system to certify annually to its fiscal authority a school tax not greater than 20 mills per dollar "for the support and maintenance of education." In accordance with that provision, a tax is levied upon the assessed value of all taxable property within the territory served by that school system. Id. Under Art. VIII, Sec. VI, Par. I (b), the expenditure of school tax funds is limited, as follows:

School tax funds shall be expended only for the support and maintenance of public schools, public vocational-technical schools, public education, and activities necessary or incidental thereto, including school lunch purposes.

It is well settled that "[w]here a constitutional provision expressly provides that funds derived from taxes levied and collected may be

used only for particular purposes, such funds cannot be utilized for or diverted to any other purpose." *Wright v. Absalom*, 224 Ga. 6, 8 (159 SE2d 413) (1968).[1]

It is without dispute that the use of school tax revenue to fund the BeltLine TAD is not an explicit expenditure for educational purposes under Par. I (b); however, the question remains whether such funding is "necessary or incidental" to public schools or public education under that subsection. "Although we have held that this provision 'vests broad powers in school districts to do those things properly determined to be necessary or incidental to public education,' [cit.], this power must and does have its limits." *DeKalb County School Dist. v. DeKalb County*, 263 Ga. 879, 880 (1) (440 SE2d 185) (1994).

In *DeKalb County School Dist.*, we determined that the expenditure of school tax funds for improvements to a county public road adjacent to a DeKalb County school "would stray too far from the [school] District's principal task of educating young people in favor of providing a benefit to all citizens that the County generally has the duty to provide." Id. at 881 (1). As a result, we held that the expenditure of school taxes for the road improvements was not necessary or incidental to public education and thus violated the Educational Purpose Clause.[2] If the use of school revenue to improve a county road which provided access to a school was held to be an impermissible expenditure, it follows that school taxes cannot be used to fund the BeltLine Plan which provides a benefit to all citizens, and which has little, if any, nexus to the actual operation of public schools in the city of Atlanta. Although appellees assert that the BeltLine TAD will likely produce future revenue for the school system, such potential benefit "will not suffice where the constitutional authorization for such expenditure is lacking." *Wright*, supra at 8.

Applying the principles of *DeKalb County School Dist.*, supra, and *Wright*, supra, we hold that school tax funds levied and collected by the school system cannot constitutionally be applied to benefit the BeltLine project.

2. Because we hold that the proposed use of school tax funds under the BeltLine project violates Art. VIII, Sec. VI, Par. I of the

---

[1] *Wright* was decided under Art. VII, Sec. II, Par. I of the Georgia Constitution of 1945, which did not specify the furnishing of school lunches as an "educational purpose," and the Court declined to treat school lunches as a necessary or incidental expense of public education. As noted previously, the current constitutional provision expressly includes school lunches as an expenditure to be made from school funds.

[2] We note that in *DeKalb School Dist.*, supra at 880, 881, and 882, the language of Art. VIII, Sec. VI, Par. I (b) is incorrectly stated as "necessary and incidental," as opposed to "necessary or incidental." We thus take this opportunity to correct those inadvertent scrivener's errors.

Georgia Constitution, we do not address Woodham's other enumerations of error directed to the alleged illegal diversion of school tax funds for non-educational purposes. See *Fowler Properties v. Dowland*, 282 Ga. 76 (2) (646 SE2d 197) (2007). Any remaining enumerations of error are rendered moot by our ruling herein.

### Case No. S07A1566

3. Woodham submits that the trial court erred in granting appellees' motions to dismiss the preemptive declaratory judgment action on the basis that the bond validation proceeding was the exclusive forum for adjudication of Woodham's claims. We disagree.

Under the Georgia Revenue Bond Law, all revenue bonds "shall be validated in the superior court in the manner set forth in Code Sections 36-82-74 through 36-82-83." OCGA § 36-82-73.[3]

> Generally there can be but one action to validate either certificates or bonds. In either case all interventions would be heard in the validation proceedings. The allegation that a declaratory judgment is necessary . . . is contrary to the statutory provisions pertaining to validation of revenue-anticipation certificates or bonds.

*Liner v. City of Rossville*, 212 Ga. 664, 665 (4) (94 SE2d 862) (1956). In *Quarterman v. Douglas County Bd. of Commrs.*, 278 Ga. 363-364 (602 SE2d 651) (2004), the Court reiterated that OCGA § 36-82-60 et seq. "prevents any collateral attack by the county, county residents, or taxpayers who had proper notice of the validation proceedings." Although *Quarterman* involved an unsuccessful attempt to obtain injunctive relief against a governmental agency after the conclusion of the validation proceedings and after the bonds had been legally issued, the principle remains the same. A judgment in a validation proceeding is conclusive as to all "questions which could and should have been asserted and adjudicated during the bond validation proceedings." Id. at 365. See also *Ambac Indem. Corp. v. Akridge*, 262 Ga. 773 (425 SE2d 637) (1993); *Charlton Dev. Auth. v. Charlton County*, 253 Ga. 208 (317 SE2d 204) (1984); *Turpen v. Rabun County Bd. of Commrs.*, 251 Ga. App. 505 (554 SE2d 727) (2001).

In addition, "courts should not render declaratory judgments where other statutory remedies have been specifically provided, if the

---

[3] OCGA §§ 36-82-74 through 36-82-83 prescribe the manner in which a validation proceeding must be conducted when a governmental agency desires to issue revenue bonds.

effect would be to interfere with the rights of the parties under the special statutory remedy." *George v. Dept. of Natural Resources*, 250 Ga. 491, 493 (299 SE2d 556) (1983). Generally, the Bond Validation Law is the sole means for a citizen-intervenor with notice to contest the validity of the revenue bonds. *Liner*, supra at 665 (4). Since Woodham's claims were adequately addressed and adjudicated in the validation proceeding, his declaratory judgment petition was properly dismissed.

*Judgment affirmed in Case No. S07A1566. Judgment reversed in Case No. S07A1309. All the Justices concur.*

DECIDED FEBRUARY 11, 2008.

*John F. Woodham*, pro se.

*Thurbert E. Baker, Attorney General, Frances C. Mulderig, Assistant Attorney General, Paul L. Howard, Jr., District Attorney, Hunton & Williams, Matthew J. Calvert, Douglas P. Selby, Benjamin F. Johnson IV, Holland & Knight, Joshua I. Bosin, Charles S. Johnson III, Sarah C. Leopold, Overtis H. Brantley, Cozen O'Connor, Samuel S. Woodhouse III, Allan R. Ramsay, Robert L. Martin, Kilpatrick Stockton, Earle R. Taylor III*, for appellees.

*Greenberg Traurig, Stephen G. Weizenecker, Riddle & Schwartz, Jeffrey L. Riddle, Alston & Bird, Karol V. Mason, Patrick N. Millsaps, Decker, Hallman, Barber & Briggs, Robert D. Feagin, Winburn, Lewis & Stolz, Irwin W. Stolz, Jr.*, amici curiae.