## S08A2102. FERDINAND v. CITY OF ATLANTA.
### (674 SE2d 309)

HINES, Justice.

Arthur E. Ferdinand, the Fulton County Tax Commissioner ("Ferdinand"), in his official and individual capacities, appeals from the trial court's order granting permanent injunctive relief and a writ of mandamus requiring that he pay certain funds to the City of Atlanta ("the City"). Finding that the trial court committed procedural errors, we reverse and remand with direction.

The dispute relates to bonds for five tax allocation districts ("TADs"). The bonds were issued by the City pursuant to trust indentures entered into between the City and bond trustees; funds that include receipts for educational ad valorem taxes provide security for the bonds. It is undisputed that bond validation orders have been issued by the Superior Court of Fulton County for each of the bonds, describing the security arrangements. See OCGA § 36-82-73. After the bonds were issued, this Court decided *Woodham v. City of Atlanta,* 283 Ga. 95 (657 SE2d 528) (2008), in which there was a challenge to the validation of certain other bonds on the ground that the use of school taxes for non-educational purposes violated Art. VIII, Sec. VI, Par. I (a) and (b) of the 1983 Georgia Constitution; we declared that the proposed use of such school taxes would violate the State Constitution. Id. at 96-97 (1). Ferdinand interpreted the *Woodham* opinion to require that he cease payment of school tax receipts to various TADs, and he stated that he would no longer make such payments, and would pay the receipts to the Atlanta Public Schools.

On February 22, 2008, the City filed a "petition for writ of mandamus, declaratory and injunctive relief," seeking, inter alia, "a temporary restraining order and/or preliminary injunctive relief" maintaining the status quo of payments to the TADs, and a writ of mandamus requiring that Ferdinand continue to make payments to the TADs. On February 25, 2008, the City filed a "notice of emergency hearing," giving Ferdinand notice that a hearing would be held on February 27, 2008, at which the City would request that Ferdinand be enjoined from withholding payments to the TADs. A

hearing was held on that date, five days after the filing of the City's complaint. At the conclusion of the hearing, the trial court declared that it would enter an order granting a permanent injunction and a writ of mandamus; such an order was entered on March 4, 2008.

Ferdinand raises several procedural issues. Primarily, he complains that the trial court converted what was a hearing on an interlocutory injunction into a final hearing on a permanent injunction and a hearing on the writ of mandamus, and that the court did not follow statutory requirements as to notice and time periods. We agree. The only notice that Ferdinand received regarding the hearing stated that the City would ask that Ferdinand be enjoined from "paying to the [Atlanta Public Schools] or any other entity those tax funds which have been pledged for the purpose of payment of principal and interest on certain tax allocation district (TAD) bonds . . . ," and from "withholding the Tax Funds from certain Special Funds which have been set up under previously approved bond validation proceedings . . ."; mandamus relief is not mentioned in the notice.[1]

Further, the trial court's procedure regarding the grant of permanent injunctive relief is infirm. OCGA § 9-11-65 (a) (2) reads:

> Before or after the commencement of the hearing of an application for an interlocutory injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for an interlocutory injunction which would be admissible upon the trial on the merits shall

---

[1] OCGA § 9-6-27 (a) reads:

Upon the presentation of an application for mandamus, if the mandamus nisi is granted the judge shall cause the same to be returned for trial not less than ten nor more than 30 days from such date. The defendant shall be served at least five days before the time fixed for the hearing.

No such service appears in the record, and Ferdinand received notice of the hearing on the request for an interlocutory injunction two days before the hearing. Ferdinand also contends that factual issues must be considered in any mandamus determination and maintains that he did not consent to having any mandamus issue heard by the court without a jury. OCGA § 9-6-27 (c) reads:

If an issue of fact is involved, it may be heard by the judge upon the consent of all parties. Otherwise, the case shall be set for trial upon the first day of the next term of the superior court as other jury cases are tried. However, if the court has a scheduled session for jury trials which will occur before the next term, the case shall stand for trial at the present term.

Although the City contends that Ferdinand has not shown what evidence might have been presented regarding a writ of mandamus, this argument misses the mark; Ferdinand was not afforded the notice required to ensure that he could establish the necessity for a factual determination.

become a part of the record on the trial and need not be repeated upon the trial. This paragraph shall be construed and applied so as to save any rights of the parties which they may have to trial by jury.

"[W]hen there is notice of an interlocutory injunction hearing, the court may determine the issues on their merits after the interlocutory hearing where there is no objection or where the parties have acquiesced. [Cits.]" *Georgia Kraft Co. v. Rhodes*, 257 Ga. 469, 471 (1) (360 SE2d 595) (1987). The City contends that at the emergency hearing on its injunction request, when the court announced its intention to decide all issues in the City's complaint, Ferdinand did not make a sufficient objection to the court's action, and thus essentially acquiesced to the court's consolidating the hearing on the application for an interlocutory injunction with a hearing for a permanent injunction, as permitted by OCGA § 9-11-65 (a) (2).

However, Ferdinand clearly objected to the trial court's decision to render a final order in the case at the close of the hearing, and did not merely stand silent when the trial court made its pronouncement. During the hearing, the court inquired of Ferdinand's counsel how his client was harmed by a court order to pay the taxes collected, and counsel replied: "Your Honor, I think that that sort of puts the rabbit in the hat. It presupposes the issue. We are now at the TRO stage. . . ." Later, the court said: "I don't need any briefing. My mind's totally made up." Counsel replied: "But, Your Honor, you're deciding the substance of the issue that's not before this court. Right now what is before this court —." The court then declared: "I'm issuing an order. You can take an appeal to the Supreme Court of Georgia. . . ." The court went on to say that it would issue an injunction and a writ of mandamus, and "I'll ask the City to submit me the order. We're adjourned." Counsel replied: "Your Honor, just so I'm clear, you're deciding the whole case?" The court then stated: "I'm deciding everything, because you know what? I know what I needed to do and I did it. Thank you." Counsel's final words were: "Okay. Take exception, Your Honor."

As support for its contention that this exchange was insufficient to inform the court of what court action Ferdinand was objecting to, and the grounds therefor, see OCGA § 9-11-46 (a), the City cites *Dortch v. Atlanta Journal & Atlanta Constitution*, 261 Ga. 350 (405 SE2d 43) (1991), in which "after the trial court made oral findings of fact and conclusions of law and thanked the participants for their attendance, she affirmed the query of the city's attorney that she was making a final decision in the case," id. at 355, n. 5 (Benham, J., dissenting), and no further objection was made. But, *Dortch* is inapposite; Ferdinand distinctly responded to the court's announce-

ment that it would make a final decision, the basis and extent of his exception to the court's action were clear, and he left no doubt that he objected to the court's procedure. Compare also *Georgia Kraft*, supra.

Nonetheless, the City urges that, despite any procedural failings, the trial court's judgment should be affirmed under the "right for any reason" rule. See *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41, 45 (4) (586 SE2d 235) (2003). Essentially, the City is arguing that it should prevail on the merits of the case, and thus any procedural imperfections are irrelevant. It is certainly true that in *Woodham*, supra, this Court reiterated that "[a] judgment in a validation proceeding is conclusive as to all questions which could and should have been asserted and adjudicated during the bond validation proceedings," id. at 98 (3) (citations and punctuation omitted), and that "the bond validation proceeding [is] the exclusive forum for adjudication of" complaints such as those raised in *Woodham* regarding the constitutional use of school tax funds.[2] Id. But, the "right for any reason" rule is not a method to circumvent procedural requirements; the fact that Ferdinand did not raise any complaint in the "exclusive forum" available to him, id., does not mean that, when raised, his complaint can be shunted aside without regard to his procedural rights. See *Cooper v. Unified Government &c.*, 275 Ga. 433, 435, n. 1 (569 SE2d 855) (2002). Accordingly, the trial court's final judgment is reversed and the case remanded for proceedings consistent with this opinion.[3]

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED MARCH 9, 2009.

*Samuel S. Woodhouse III*, for appellant.
*Elizabeth B. Chandler, Lemuel H. Ward, Peter J. Andrews, Jeffrey S. Haymore*, for appellee.

---

[2] This is in keeping with the language of Ga. Const. of 1983, Art. IX, Sec. VI, Par. IV, requiring that the General Assembly provide for "incontestable and conclusive" validation of revenue bonds, which it did in enacting OCGA § 36-82-78. See *Quarterman v. Douglas County Bd. of Commrs.*, 278 Ga. 363, 363-364 (602 SE2d 651) (2004).

[3] We have reviewed Ferdinand's remaining enumerations of error, and find that they are either without merit or unlikely to recur on retrial.