A11A0549, A11A0550. CLARK et al. v. ATLANTA
INDEPENDENT SCHOOL SYSTEM (two cases).
A11A0551. CITY OF ATLANTA et al. v. CLARK et al.

(715 SE2d 668)

MIKELL, Judge.

These appeals stem from a class action complaint filed by John C. Clark[1] against the Atlanta Independent School System ("school system"), the Atlanta Development Authority ("ADA"), and the city of Atlanta ("City") (collectively, "appellees"), challenging the use of school tax monies for noneducational purposes. Clark sought preliminary injunctive relief as well as class action certification. John S. Sherman was later added as a plaintiff. The order which appellants have directly appealed in Case No. A11A0549 denies their motion for interlocutory injunctive relief. However, appellants do not enumerate error upon the trial court's denial of injunctive relief and instead seek to invoke this Court's jurisdiction upon the basis that the order, in substance, granted partial summary judgment to the appellees and is therefore directly appealable. We disagree and dismiss the appeal for lack of jurisdiction. Moreover, the appeal in Case No. A11A0550 and the cross-appeal in Case No. A11A0551 must be dismissed for the same reason.

Due to their complexity, the underlying facts warrant detailed discussion. Clark filed the action in December 2008 following the Supreme Court's decision in *Woodham v. City of Atlanta*.[2] In *Woodham*, the state sought to validate the issuance of tax allocation bonds to finance the City's BeltLine Tax Allocation District ("TAD") pursuant to the Redevelopment Powers Law, OCGA § 36-44-1 et seq., in effect at that time. *Woodham* held that school tax monies could not be used to fund the City's BeltLine Redevelopment Plan[3] without violating Art. VIII, Sec. VI, Par. I (b) of the 1983 Ga. Constitution,[4] which provides that "[s]chool tax funds shall be expended only for the support and maintenance of public schools, public vocational-technical schools, public education, and activities necessary or incidental thereto, including school lunch purposes." After *Woodham* was decided, the Constitution was amended to allow the use of school tax funds for redevelopment projects,[5] and in 2009, the General Assembly enacted a new Redevelopment Powers Law ("HB 63"),

---

[1] No hearing has been held on plaintiffs' motion for class action certification.

[2] 283 Ga. 95 (657 SE2d 528) (2008).

[3] The Plan is described in *Woodham* as "a 25-year project which 'proposes to combine greenspace, trails, transit, and new development along 22 miles of historic rail segments that encircle the urban core' of Atlanta." Id. at 96 (1).

[4] Id. at 97 (1).

[5] See 1983 Ga. Const. Art. IX, Sec. II, Par. VII (b), which pertinently provides:

which became effective on April 22, 2009.[6]

Earlier, on April 8, 2009, the trial court had issued an interlocutory injunction prohibiting the school system from disbursing or spending, with respect to TADs, any property taxes previously levied for educational purposes and prohibiting the ADA from disbursing or spending any monies received on account of school taxes for the BeltLine or Perry Bolton TADs.

On April 13 and June 8, 2009, the school system's governing body, the Atlanta Board of Education (the "Board"), adopted two resolutions with respect to the BeltLine and Perry Bolton TADs. The April 13, 2009, resolution made the school system's participation in the TADs effective as of the enactment of HB 63, and the June 8, 2009, resolution authorized a modification of the intergovernmental agreement regarding the TADs. Thereafter, on October 2, 2009, appellants filed their third amended complaint, alleging in Count VI that the two Board resolutions were unconstitutional and void insofar as they contemplated the use of school tax monies for noneducational purposes. On October 27, 2009, appellants filed a motion for a temporary restraining order, seeking to enjoin Arthur E. Ferdinand, the Fulton County Tax Commissioner ("Ferdinand"), from disbursing any school ad valorem tax allocation increment dollars derived from the two TADs and requiring Ferdinand to pay such funds into the registry of the court. The motion echoed the relief Clark sought in his request for preliminary equitable relief, filed on December 17, 2008.

On December 14, 2009, appellants filed a motion for partial summary judgment on several counts of the complaint, including Count VI. Appellees filed a cross-motion for summary judgment on all claims. Each side requested oral argument.

The order that appellants claim is directly appealable in Case No. A11A0549 was issued on August 3, 2010, and is styled "Order on Motions." The order lists four motions that the trial court intended to rule upon: two motions to compel discovery filed by the school system; a joint motion to dismiss filed by appellees; and appellants' motion for a temporary restraining order. The court granted in part

---

The General Assembly is also authorized to grant to counties or municipalities for redevelopment purposes and in connection with redevelopment programs, as such purposes and programs are defined by general law, the power to issue tax allocation bonds, as defined by such law. . . . Such general law may authorize the use of county, municipal, and school tax funds, or any combination thereof, to fund such redevelopment purposes and programs, . . . notwithstanding Section VI of Article VIII or any other provision of this Constitution and regardless of whether any county, municipality, or local board of education approved the use of such tax funds for such purposes and programs before January 1, 2009.

[6] Ga. L. 2009, p. 158, §§ 2, 4.

the two motions to compel and denied the motion to dismiss. The court treated the motion for a temporary restraining order as one for an interlocutory injunction and denied it. Finally, the order states:

> It is further ordered that the Court's April 8, 2009 order be amended to allow the City and the ADA to return the school tax increment to [the school system]. The parties may present an order to the Court which effectuates the resolutions of [the school system] adopted on April 13, 2009 and June 8, 2009.

Appellees presented such an order, which the trial court issued on August 19. Therein, the court amended its order of April 8, 2009, and authorized the City, the ADA, and Ferdinand to transfer to the school system "any and all educational ad valorem tax increment from the BeltLine and/or Perry Bolton [TADs] for all tax years through and including tax year 2009 for the use of [the school system] for its general purposes." In Case No. A11A0550, appellants appeal the August 19 order.

Appellants state in their brief that they "are not appealing any aspect of the . . . Order on Motions relating to an interlocutory injunction, such that OCGA § 9-11-62 is not at issue." Although orders denying interlocutory injunctions are directly appealable,[7] such orders are not stayed during the pendency of an appeal unless ordered by the court.[8] Here, appellees assert that the tax funds at issue have been transferred to the school system, as appellants did not obtain a supersedeas to stop the transfer. Failure to obtain a supersedeas under these circumstances would render any issue regarding the interlocutory injunction moot.[9]

Apparently recognizing that their appeal would otherwise be moot, appellants maintain that the final sentence of the court's order of August 3 constitutes a partial grant of summary judgment to appellees on Count VI of the complaint and renders the order directly appealable pursuant to OCGA § 9-11-56 (h).[10] Appellees counter that the court specifically addressed only four motions, implicitly excluding the parties' cross-motions for summary judgment. Appellants point out that "the appealability of an order is

---

[7] OCGA § 5-6-34 (a) (4).

[8] OCGA § 9-11-62 (a).

[9] See *Jackson v. Bibb County School Dist.*, 271 Ga. 18, 19 (515 SE2d 151) (1999).

[10] See *Studdard v. Satcher &c., Inc.*, 217 Ga. App. 1, 2 (456 SE2d 71) (1995) ("Direct appeals from orders granting partial or complete summary judgment may be taken either within 30 days of rendition of the judgment or after the rendition of the final judgment in the case.") (citations omitted).

determined, not by its form or the name given to it by the trial court, but rather by its substance and effect."[11] A careful review of the parties' motions and the court's orders show that the trial court did not grant partial summary judgment to appellees in the August 3 order.

"A summary judgment is a judgment on the merits of the underlying claims or defenses."[12] An interlocutory injunction has a different purpose, and the merits of a claim are but one factor taken into account by the court.

> In determining whether to issue an interlocutory injunction, the trial court must balance the conveniences of the parties pending final adjudication. An interlocutory injunction may be issued to maintain the status quo if, after balancing the relative equities of the parties, it appears the equities favor the party seeking the injunction. Although the merits of the case are not controlling, they nevertheless are proper criteria for the trial court to consider in balancing the equities.[13]

"If the trial court determines that the law and facts are so adverse to a plaintiff's position that a final order in his favor is unlikely, it may be justified in denying the temporary injunction because of the inconvenience and harm to the defendant if the injunction were granted."[14] In the case at bar, appellants moved for partial summary judgment on Counts II-VI, XI, and XII of the complaint, arguing that the *Woodham* decision rendered a number of local legislative acts, intergovernmental agreements, and redevelopment plans unconstitutional because they allow educational ad valorem tax dollars to be used for noneducational TAD purposes. In their cross-motion for summary judgment, appellees cite various authorities for the proposition that the City and the school system may use educational funds for redevelopment purposes in TADs. The trial court's orders of August 3 and August 19 authorized the City and the ADA to transfer disputed tax funds to the school system "for its general purposes." This was an amendment of the court's order of April 8 granting an interlocutory injunction. We construe it as a finding by the court that

---

[11] (Footnote omitted.) *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 885 (655 SE2d 605) (2008).

[12] (Footnote omitted.) Id. See also *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 221 (633 SE2d 623) (2006).

[13] (Citations and punctuation omitted.) *Cherokee County v. City of Holly Springs*, 284 Ga. 298, 300-301 (2) (667 SE2d 78) (2008).

[14] (Citations omitted.) *Garden Hills Civic Assn. v. MARTA*, 273 Ga. 280, 281 (1) (539 SE2d 811) (2000).

a final order in appellants' favor was unlikely.[15] We do not interpret the August 3 order as a ruling on an issue raised in the parties' cross-motions for partial summary judgment, which remain pending in the trial court. Accordingly, neither the August 3 order nor the August 19 order is subject to direct appeal. And there is no independent jurisdictional basis for the cross-appeal, Case No. A11A0551, in which appellees assign error to the trial court's denial of their motion to dismiss.[16] It follows that these appeals must be dismissed for lack of jurisdiction.

*Appeals dismissed. Smith, P. J., and Dillard, J., concur.*

## ON MOTION FOR RECONSIDERATION.

Remittiturs have been filed in Case Nos. A11A0549 and A11A0551. The remaining appeal, in Case No. A11A0550, is not an appeal of the trial court's order of August 2, 2010, filed August 3, 2010 (hereinafter "Aug. 3 order"), but an appeal of the order of August 19, 2010 (hereinafter "Aug. 19 order").

Pretermitting for several paragraphs whether the notice of appeal from the Aug. 3 order ousted the trial court of jurisdiction to issue the Aug. 19 order, we note that the Aug. 3 order was, inter alia, a modification of the interlocutory injunction dated April 8, 2009. The order also denied a request for a new temporary restraining order (hereinafter "TRO") enjoining the tax commissioner from doing certain things. We note in passing that an order which might say, for example, "The parties may present an order to the court awarding the plaintiff 800 billion dollars, plus interest at 30%, plus attorney's fees and the costs of court," is not an appealable order. Only an order awarding that amount would be appealable. The Aug. 3 order remains interesting only because the plaintiffs/appellants assert that the Aug. 19 order hereunder appealed, was analogous to our second example and was in essence a grant of partial summary judgment effectuating (and validating) the resolutions of the Atlanta Independent School System (hereinafter "AISS") adopted April 13, 2009, and June 9, 2009.

Despite the energetic and scholarly advocacy of counsel for the plaintiffs/appellants, we still fail to discern how the Aug. 19 order validates the resolutions. As explained by the plaintiffs/appellants in the reply brief of January 18, 2011, both resolutions are tentative

---

[15] See id.; accord *R. D. Brown Contractors v. Bd. of Ed. of Columbia County*, 280 Ga. 210, 211-212 (626 SE2d 471) (2006).

[16] *Forest City Gun Club*, supra at 222. See *Bd. of Regents &c. v. Canas*, 295 Ga. App. 505, 506 (1) (672 SE2d 471) (2009) (order denying motion to dismiss a certain claim is not a directly appealable final judgment).

and subject to this litigation.[17] The Aug. 19 order merely authorizes monies to be transferred back to the AISS. Such transfers would seem to restore the status quo ante bellum rather than authorize transfers to the Tax Allocation District. The Aug. 19 order mentions resolutions, but has not one word validating or approving them, nor are the funds transferred "in accordance with" those resolutions.

Perhaps the implication that the Aug. 19 order is an implied partial summary judgment is an implication or inference too subtle for appellate correction. We do not accept the alleged partial summary judgment as an independent basis for appellate jurisdiction and the Aug. 19 order was void anyway, because the filing of the notice of appeal from the Aug. 3 order was an automatic supersedeas. The later enumerations of error may have been carefully drafted, but the notice filed with the trial court was a simple, but blanket, comprehensive notice of appeal. Such a filing ousts the trial court of jurisdiction, at least temporarily, and the Aug. 19 order was not exempt in equity because it did not deny, amend, restore or alter an existing TRO or injunction. It denied a request for a new TRO.

*The motion for reconsideration remains denied.*

DECIDED JUNE 1, 2011 —
RECONSIDERATION DENIED JULY 28, 2011.

*Martenson, Hasbrouck & Simon, Robert D. Feagin, John F. Woodham*, for appellants.

*Holland & Knight, Charles S. Johnson III, Joshua I. Bosin, Sarah L. Zampell, Brinson, Askew, Berry, Seigler, Richardson & Davis, Norman S. Fletcher, Lemuel H. Ward, Matthew C. Welch, Jeffrey S. Haymore, William S. Sams*, for appellee.

---

[17] Neither the appeal nor the briefs address the resolution of July 6, 2009.