**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 10, 2016**

# In the Court of Appeals of Georgia

A15A1650. LADDER NOW, LLC et al. v. HANCOCK ROOFING
    & CONSTRUCTION, LLC.
A15A1685. TRINITY INSPECTIONS, LLC et al. v. HANCOCK
    ROOFING & CONSTRUCTION, LLC.

ANDREWS, Presiding Judge.

Hancock Roofing & Construction, LLC (Hancock) commenced this action in November 2014 against 54 former employees and independent contractors, alleging they breached restrictive covenants not to compete when they went to work for two of Hancock's competitors, Ladder Now, LLC, and Trinity Inspections, LLC. Hancock also sued those two competitors and three of their individual owners or managers. Hancock sought injunctive relief and damages for the breach of the restrictive covenants.

Most of the defendants lived and worked outside Georgia and moved to dismiss the action against them based on lack of personal jurisdiction. On January 9, 2015, the trial court held a hearing on that issue and Hancock's request for an interlocutory injunction, and on January 23, 2015, the trial court denied the defendants' motions to dismiss and entered an interlocutory injunction for Hancock. Almost all the provisions of the injunction were limited to one year after each enjoined party's last day working for Hancock. Ladder Now, LLC, and Trinity Inspections, LLC, and their individual owners or managers, were enjoined from inducing any of the other defendants to breach the restrictive covenants. The defendant/appellants filed companion direct appeals with this Court, seeking to overturn the interlocutory injunction and the trial court's denial of their motions to dismiss.

On December 3, 2015, this Court transferred the appeals to the Supreme Court on the basis the cases involved the legality and propriety of the equitable relief granted. But by order dated April 4, 2016, the Supreme Court found that the interlocutory injunction had expired and the challenge to the injunction was now moot. Further, as the only remaining issues did not implicate its subject matter jurisdiction, the Supreme Court returned the appeals to this Court.

As the grant of the interlocutory injunction was the sole directly appealable issue, Hancock moves to dismiss the appeals. OCGA § 5-6-34 (b); *Davis v. Davis*, 242 Ga. 322 (249 SE2d 90) (1978); *Clark v. Atlanta Independent School System*, 311 Ga. App. 255, 259 (715 SE2d 668) (2011). The appellants, relying upon *Cox v. Altus Healthcare and Hospice*, 308 Ga. App. 28 (706 SE2d 660) (2011), assert that although the challenge to the enforcement of the interlocutory injunction is moot, we should still address the enforceability of the non-compete and non-solicitation covenants, both in the interests of judicial economy and the determination of their pending counterclaims for wrongful restraint. In response, Hancock makes two points: (1) that same argument was raised before but apparently rejected by the Supreme Court; and (2) the appellants' counterclaims are invalid and provide no basis for avoiding the mootness rule, because under *Sneakers of Cobb County v. Cobb County*, 265 Ga. 410 (455 SE2d 834) (1995), a claim for wrongful restraint falls under the exclusive remedy provisions of the abusive litigation statute, OCGA § 51-7-80 et seq., and the appellants' counterclaims did not comply with that statute.

However, the appellants' counterclaims for wrongful restraint are not before this Court now, and we will not render an advisory opinion discussing them. The bottom line is that, as determined by the Supreme Court, the challenge to the trial

3

court's grant of interlocutory injunction for Hancock is moot and dismissed. An "appellate court is not required to retain a moot case and decide it because a party might possibly derive some future benefit from a favorable adjudication on an abstract question." (Citation and punctuation omitted.) *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011).

The order on the interlocutory injunction was the only directly appealable issue in these appeals. No longer piggybacked on that directly appealable issue, the denial of the appellants' motions to dismiss for lack of personal jurisdiction has no independent basis for direct appeal. For that reason, the appeal from the trial court's order denying the motions to dismiss must be dismissed as well. *Davis v. Davis,* supra; *Clark v. Atlanta Independent School System*, supra.

*Appeals dismissed. Doyle, C. J., and Ray, J., concur.*